PRICE, Judge.
Defendant, Perry Lee Collins, appeals the judgment of the trial court increasing child support payments. We reverse the judgment of the trial court for the following reasons.
On April 12, 1983, the State of Louisiana filed a petition to prove paternity and obtain child support on the behalf of Iiesh Moore. The petition alleged that defendant, Perry Lee Collins, and Lola Moore were the natural parents of the child. The petition stated that the child was residing with Ms. Moore and was receiving Aid to Families with Dependent Children from the State of Louisiana. Defendant filed an answer in which he denied paternity of the child.
Defendant entered into a stipulation under La.R.S. 14:75.2 whereby he admitted paternity of the child and agreed to pay $75.00 per month commencing on September 20, 1983 to the Department of Health and Human Resources. The stipulation was filed on September 2, 1983 and an acceptance of the stipulation was filed on the same date by the state. On September 7, 1983, the court issued an order of support pursuant to the stipulation. On October 12, 1983, a motion was filed by the state to amend and increase the judgment from $75.00 to $200.00 per month.
A hearing on the motion was held on January 4, 1984. Defendant opposed the motion to increase the amount of child support, essentially arguing that there had been no change of circumstances from the date that the stipulation was entered into by the defendant. It appears from defendant’s payroll earnings statement that the defendant earns well in excess of $18,-000.00 per year. There is conflict in the record, however, as to the precise time that the state was apprised of the exact amount of the defendant’s income.
Alyce Ropper, a child support officer, testified that the state had access by use of state unemployment records to information regarding defendant’s income when initial contact was first made. Ropper testified that she was aware of defendant’s earnings when the stipulation was signed.
*100 Patricia Dunham of the Non-Support Division of the District Attorney’s Office testified that she was not aware of defendant’s income on the date that he signed the stipulation.
Examining the testimony of all of the witnesses, it appears that the District Attorney’s Office did have knowledge of defendant’s earnings before the stipulation was filed with the court and an order was issued.
On appeal, the sole issue before this court is whether the amount of child support agreed upon in a stipulation order under La.R.S. 14:75.2 may be increased absent a change in circumstances.
La.R.S. 14:75 pertaining to support provisions, states in pertinent part that the court may order a defendant to pay support at any time before conviction for criminal neglect of family under La.R.S. 14:74. The amount of support is determined with regard to the defendant’s circumstances and financial ability, which sum may be “... increased or decreased by the court from time to time, as the circumstances may require.”
While we recognize the inherent power of the court to adjust orders of support as usual circumstances may require, under the peculiar facts of the instant case, an adjustment would be unconscionable. Although it is clear that the defendant is quite financially able to pay such an increase, the state proceeded in an improper manner in failing to utilize financial information which was available to it before the court order of support was issued on September 7, 1983. The stipulation and state’s acceptance were the result of negotiations between the state and the defendant wherein the défendant waived his right to contest paternity of the child and agreed to pay $75.00 per month as support. However, within a brief period of time after the stipulation was filed, the state brought the defendant back into court seeking an increase without any change in circumstances, most particularly defendant’s financial ability. There is absolutely no evidence in the record to show that defendant in any way tried to conceal the amount of earnings from the state.
For these reasons,- the judgment ordering an increase in the amount of payments assessed against defendant under La.R.S. 14:75.2 on September 7, 1983, is reversed and the demand by the State of Louisiana for an increase is denied.
REVERSED.